# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TATIANA P. GUREVICH
6031 Callaway Court
Centreville, VA 20121

      Plaintiff

v.

MICHAEL B. MUKASEY, United States
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0001

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

EMILIO GONZALEZ, Director of U.S.
Citizenship and Immigration Services
Office of the Chief Counsel, USCIS
20 Massachusetts Ave NW, Room 4025
Washington, DC 20529

SUSAN DIBBINS, Acting Director,
USCIS Washington District Office
2675 Prosperity Ave
Fairfax, VA 22031

ROBERT MUELLER III, Director of the
Federal Bureau of Investigation
Office of the General Counsel, FBI
935 Pennsylvania Ave NW, Room 7427
Washington, DC 20535

      Defendants

No. _____

Agency No. A072-381-010

-1-

## <u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND WRIT OF MANDAMUS; PETITION FOR NATURALIZATION</u>

## INTRODUCTION

This is an action for declaratory and injunctive relief, writ of mandamus, order to compel, and other relief, including review by this Court of Plaintiff's application for naturalization. This action is brought as a result of Defendants' unlawful, unreasonable, and extraordinary delays in adjudicating Plaintiff's application for naturalization (USCIS Form N-400).

Plaintiff has lived in the United States for over a decade and is seeking to pledge allegiance to the United States and to participate fully in our society as a United States citizen. Having qualified to do so after many years of living in the United States and contributing to the local community and our country overall, Plaintiff has been robbed of her statutory right to be naturalized. Plaintiff has been so robbed solely because of the bureaucratic failings and callous inaction of two federal government agencies: USCIS and FBI.

USCIS has delayed the adjudication of Plaintiff's naturalization application because it has delegated a new form of security check called a "name check" to the FBI, which, in turn, has willfully, unreasonably, unlawfully, and without justification delayed Plaintiff's "name check" for over 4 years.

As a result of the agencies' failure to adjudicate Plaintiff's naturalization application, Plaintiff is unable to apply for and receive business-related benefits reserved

for United States citizens (such as federal small business loans),  sponsor for lawful permanent residency her immediate relatives abroad, participate in the Visa Waiver Program and travel abroad and return to the United States without fear of exclusion. Moreover, Plaintiff is unable to vote in elections, serve on juries, and enjoy numerous other rights and responsibilities of U.S. citizenship.

Plaintiff seeks, *inter alia*, declaratory and injunctive relief to require Defendants to adjudicate her application for naturalization within the time periods prescribed by law, and asks that the Court declare the agencies' delays and the policies behind those delays (such as deliberate failures to set deadlines) to be in violation of immigration laws and regulations, laws governing administrative agency action, and the Due Process Clause of the Fifth Amendment to the United States Constitution. In addition, Plaintiff respectfully requests that the Court review her naturalization application *de novo* and naturalize her as a United States citizen.

The subject of this action is therefore to compel the relevant officials of the United States government to perform their mandatory ministerial duty to process and adjudicate Plaintiff's application for naturalization (Form N-400) or, alternatively, for this Court to review and adjudicate Plaintiff's naturalization application *de novo*.

Plaintiff is eligible to seek reasonable attorney fees under, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504 *et seq* and 28 U.S.C. 2412 *et seq*.

## JURISDICTION AND VENUE

1.      This Court's jurisdiction over this matter lies pursuant to 28 U.S.C. 2201 *et seq.* (declaratory judgments), 28 U.S.C. 1331 (federal question), 5 U.S.C. 551 *et seq.* and 706 *et seq.* (authorizing to compel agency action in cases of unreasonable delay), 28 U.S.C. 1361 (authorizing issuance of mandamus), and 8 U.S.C. 1447(b) (authorizing judicial review of delayed naturalization applications). Relief is requested pursuant to said statutes.

2.      Pursuant to 28 U.S.C. 1391(e), venue is proper in the District of Columbia District in that Defendants are officers and employees of the United States sued in their official capacities and located within the District.

## ALLEGATIONS OF FACT

### Plaintiff

3.      Plaintiff is a citizen of Russia and a lawful permanent resident of the United States residing within the jurisdiction of USCIS Washington District Office, who has applied for naturalization under the Immigration and Nationality Act (INA), and whose naturalization application has not been adjudicated for over 4 years.

### Defendants

4.      All Defendants are officials of the United States government and its agencies acting under color of law with respect to the matters referenced herein.

5.      Defendant Michel B. Mukasey is the Attorney General of the United States and is sued in his official capacity. Defendant Mukasey is responsible, *inter alia*, for

administering and enforcing the immigration and naturalization laws of the United States, for overall supervision of the functions of the Department of Homeland Security (DHS) and United States Citizenship and Immigration Services (USCIS), as well as for prescribing regulations by which a person can become a naturalized citizen.

6.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, and is sued in his official capacity. Defendant Chertoff is generally charged with implementing the Immigration and Nationality Act (INA) and is authorized to delegate powers and authority to subordinate employees of the DHS. Defendant Chertoff is responsible for implementing the provisions of the INA under which lawful permanent residents are naturalized as United States citizens.

7.      Defendant Emilio Gonzalez is the Director of the U.S. Citizenship and Immigration Services (USCIS), the federal agency primarily responsible for implementing and enforcing the Immigration and Nationality Act, including processing and adjudicating applications for naturalization, which are filed on Form N-400. Defendant Gonzalez is responsible for overall supervision of the functions of the USCIS, including the processing and adjudication of applications for naturalization. Defendant Gonzalez is sued in his official capacity.

8.      Defendant Susan Dibbins is the Acting Director of the Washington District Office of the USCIS, and is responsible for administering and enforcing the INA, including the processing and adjudication of naturalization applications by applicants

residing in the District of Columbia and Northern Virginia. Defendant Dibbins is sued in her official capacity.

9.    Defendant Robert Mueller III is the Director of the Federal Bureau of Investigation (FBI), a government agency responsible, *inter alia*, for background investigations and "name checks" of persons who have applied for naturalization under the INA. Upon requests by USCIS, the FBI performs "name checks" and other background checks for all applicants for naturalization. Defendant Mueller is sued in his official capacity.

**Plaintiff's Application and Defendants' Failure to Act**

10.    On April 4, 1994, Plaintiff became a lawful permanent resident of the United States. **Exhibit A.** On August 26, 2002, Plaintiff filed an N-400 application for naturalization with the USCIS. **Exhibit B.** On September 17, 2003, Plaintiff was interviewed at the Washington District Office of the USCIS. **Exhibit C.** Since then, Plaintiff has been inquiring about the status of her case with the Washington District office approximately every 4-6 months. **Exhibit D.** Plaintiff has also made a Freedom of Information and Privacy Act (FOIPA) request to the FBI and, on November 8, 2007, received a response informing her that no records pertaining to her exist in either automated or manual indices of the FBI. **Exhibit E.** To date, over 4 years into Plaintiff's naturalization process, the FBI has failed to perform Plaintiff's "name check" at the request of USCIS, and USCIS has failed to process and adjudicate Plaintiff's application for naturalization.

**Plaintiff's Exhaustion of Administrative Remedies**

11.    Plaintiff has exhausted her administrative remedies. Plaintiff has also supplied the documents that establish her eligibility for naturalization.

### FIRST CLAIM FOR RELIEF: PETITION FOR NATURALIZATION

12.    Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

13.    Federal law authorizes federal courts to adjudicate naturalization applications, including Plaintiff's application, when the relevant administrative agencies fail to act upon such applications within 120 days after conducting the applicant's examination pursuant to the procedural rules for naturalization.

14.    Defendants have failed to act upon Plaintiff's application within 120 days after examination of Plaintiff on her naturalization application.

15.    Plaintiff seeks a determination by this Court that she meets the requirements for naturalization and is to be naturalized as a U.S. citizen without further delay. Pursuant to 8 U.S.C. 1447(b), this Court should exercise its authority to grant Plaintiff's naturalization application.

### SECOND CLAIM FOR RELIEF: VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT

16.    Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

17.    Defendants are officials of federal administrative agencies covered by the Administrative Procedure Act (APA), 5 U.S.C. 551 *et seq.* and 706 *et seq.*

18.     Defendants have a policy, pattern, and practice of failing to adjudicate naturalization applications of certain applicants within 120 days of the date of naturalization examinations because of years-long delays in the processing of "name checks."

19.     Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

20.     Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks" with the full knowledge that the completion of such checks is required to adjudicate naturalization applications of persons such as Plaintiff.

21.     Defendants have a policy, pattern, and practice of failing to set deadlines for completing "name checks" and taking all other reasonable steps necessary to complete the adjudication of naturalization applications of persons such as Plaintiff.

22.     Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

23.     Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiff's application for naturalization.

24.     Defendants have failed to act on and adjudicate Plaintiff's application for a period exceeding 120 days.

25.     Defendants have failed to act on and adjudicate Plaintiff's application within a reasonable time after Plaintiff's naturalization examination.

26.     Defendants' failure to process and adjudicate Plaintiff's naturalization application for over 4 years constitutes an unreasonable delay and unlawful withholding of agency action and violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

27.     Defendants' several years' delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

28.     Defendants' failure to timely complete a "name check," with the full knowledge that such checks are required to adjudicate naturalization applications, violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

29.     Defendants' failure to set deadlines for completing "name checks" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's naturalization application violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

30.     Defendants' policy and practice of requiring "name checks" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA.

31.     As a result of Defendants' policies, practices, actions, and omissions, Plaintiff has suffered injury and continues to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

## THIRD CLAIM FOR RELIEF: FAILURE TO DISCHARGE A MANDATORY MINISTERIAL DUTY

32.    Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

33.    Plaintiff has a clear right to the relief sought, namely, that Plaintiff's application for naturalization would be processed and adjudicated by Defendants within a reasonable time in accordance with the INA and APA.

34.    Defendants have a clear, nondiscretionary, ministerial duty to process and adjudicate Plaintiff's application for naturalization within a reasonable time.

35.    Defendants have failed to discharge their clear ministerial duty.

36.    Defendants' over 4 years' delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

37.    Absent a writ of mandamus compelling Defendants to promptly process her naturalization application, Plaintiff has no other adequate remedy, whether at law or in equity, to redress the violation of her right.

38.    Defendants have a policy, pattern, and practice of failing to adjudicate naturalization applications of certain applicants within 120 days of the date of naturalization examinations because of years-long delays in the processing of "name checks."

39.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

40.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks" with the full knowledge that the completion of such checks is required to adjudicate naturalization applications of persons such as Plaintiff.

41.    Defendants have a policy, pattern, and practice of failing to set deadlines for completing "name checks" and taking all other reasonable steps necessary to complete the adjudication of naturalization applications of persons such as Plaintiff.

42.    Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

43.    Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiff's application for naturalization.

44.    Defendants have failed to act on and adjudicate Plaintiff's application for a period exceeding 120 days.

45.    Defendants have failed to act on and adjudicate Plaintiff's application within a reasonable time after Plaintiff's naturalization examination.

46.    Defendants' failure to process and adjudicate Plaintiff's naturalization application for over 4 years constitutes an unreasonable delay and unlawful withholding of agency action, warranting a writ of mandamus.

47.    Defendants' several years' delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

48.    Defendants' failure to timely complete a "name check," with the full knowledge that such checks are required to adjudicate naturalization applications, violates the APA, is unreasonable and unlawful, and warrants a writ of mandamus.

49.    Defendants' failure to set deadlines for completing "name checks" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's naturalization application violates the APA, the INA, is otherwise unlawful, and warrants a writ of mandamus.

50.    Defendants' policy and practice of requiring "name checks" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA and warrant a writ of mandamus.

51.    It is therefore appropriate for this Court issue a writ of mandamus compelling Defendants to process Plaintiff's naturalization application within a reasonable period of time, such as 30 days.

**FOURTH CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS CLAUSE**

52.    Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

53.    Defendants', insofar as relevant herein, acted and failed to act with respect to Plaintiff under color of law.

54.    Defendants have a policy, pattern, and practice of failing to adjudicate naturalization applications of applicants such as Plaintiff within 120 days of the date of naturalization examinations because of years-long delays in the processing of "name checks."

55.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

56.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks" with the full knowledge that the completion of such checks is required to adjudicate naturalization applications of persons such as Plaintiff.

57.    Defendants have a policy, pattern, and practice of failing to set deadlines for completing "name checks" and taking all other reasonable steps necessary to complete the adjudication of naturalization applications of persons such as Plaintiff.

58.    Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

-13-

59.    Defendants have applied the above policies and practices to unlawfully withhold and unreasonably delay action on Plaintiff's naturalization application.

60.    Defendants have unreasonably delayed and unlawfully withheld agency action on Plaintiff's application for naturalization.

61.    These actions and omissions by Defendants violate Plaintiff's rights to due process of law.

62.    Defendants' over 4 years' delay on Plaintiff's application violates Plaintiff's rights to due process of law and is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

63.    As a result of Defendants' actions, omissions, policies, and practices, Plaintiff has suffered and is continuing to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

**PRAYER FOR RELIEF**

64.    Based on the foregoing, Plaintiff respectfully requests that this Court:

a.    Assume jurisdiction over this matter.

b.    Review *de novo* and grant Plaintiff's application for naturalization or remand the application to USCIS for adjudication within 30 days.

c.    Order Defendants to promptly adjudicate the currently pending Plaintiff's application for naturalization within a period not to exceed 30 days after this Court's order.

-14-

    d.    Issue a declaratory judgment holding unlawful: (a) failure of Defendants to adjudicate Plaintiff's application for naturalization for over 4 years and within a reasonable time; (b) failure of Defendants to complete "name checks" for over 4 years and within a reasonable time; © failure of Defendants to set deadlines and take all necessary steps to adjudicate Plaintiff's naturalization application within 120 days of Plaintiff's examination and within a reasonable time; (d) Defendants' policy, pattern, and practice of delaying and withholding agency action in naturalization cases and applying such to delay and withhold agency action on Plaintiff's application; (e) Defendants' policy and practice of requiring "name checks" without proper authority and rule-making proceedings and applying such requirement to prevent Plaintiff's naturalization application from adjudication and completion for over 4 years.

    e.    Award reasonable attorney fees and costs pursuant to, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504, 28 U.S.C. 2412.

    f.    Grant any and all further relief this Court deems just and proper.

Respectfully submitted,

Gregory Bryl, Esq.
287 S Pickett Street, Suite 201
Alexandria, VA 22304
703-861-1906
703-997-5925 fax
help@bryllaw.com

*Attorney for Plaintiff Tatiana P. Gurevich*

# EXHIBIT A

## PERMANENT RESIDENT CARD

NAME GUREVICH, TATIANA P

A# 072-381-010



Birthdate      Category      Sex
09/24/          F

Country of
Russia

CARD                    02/24/15

Resident Since 04/04/94



C1USA0723810107LIN0503253606<<
4609249F1502246RUS<<<<<<<<<<0
GUREVICH<<TATIANA<PAVEL<<<<<<<

# EXHIBIT B

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Action

THE UNITED STATES OF AMERICA

| | |
|---|---|
| | NOTICE DATE
September 04, 2002 |
| Receipt with Suspense | INS A#
A 072 381 010 |
| CASE TYPE
N400    Application For Naturalization | |
| APPLICATION NUMBER
ESC*000907926 | RECEIVED DATE
August 26, 2002 | PRIORITY DATE
August 26, 2002 | PAGE
1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

TATIANA PAVEL GUREVICH
6031 CALLAWAY COURT
CENTREVILLE VA 20121

PAYMENT INFORMATION:

Single Application Fee:      $310.00
Total Amount Received:      $260.00
Total Balance Due:           $50.00 ← Paid
sent add.
check.

The above application has been received by our office. Our records indicate your personal information is as follows:

Date of Birth:          September 24, 1946
Address Where You Live:  6031 CALLAWAY COURT
                          CENTREVILLE VA 20121

Your application has been suspended from processing for the following reason(s). Please note the reason(s) listed and their explanation, and follow the Instructions to Applicant section listed below. Failure to comply with the instructions of this notice may result in the denial of your application.

Underpayment of Required Fee - insufficient payment was received to cover the fee for this application. Full and complete payment must be submitted before any further processing of your application occurs.

### Instructions to Applicant

You must return this notice and all required information indicated above to the INS office address listed below. For payment discrepancies, you or the primary payer (if this application was combined with other cases under a single payment) will need to enclose a check or money order payable to the INS for the Total Balance Due amount indicated above. Please do not send cash.

IMPORTANT NOTICE: All naturalization applicants who were between the ages of 14-75 at the time of filing must have their fingerprints taken at an INS Application Support Center (ASC) so they can be submitted to the Federal Bureau of Investigation for a criminal history check. If we received your application without a fingerprint card (FD-258), or your fingerprint card was received on or after December 3, 1997, you will need to go to an ASC to be fingerprinted. Do not have your fingerprints taken anywhere else. You will receive a notice that will provide you with information about when and where to go to have your fingerprints taken, and what you will need to bring with you. Please inform the office listed below immediately of any address changes.

IMPORTANT NOTICE: As of March 29, 1998 applicants who are required to submit fingerprints with any INS application or petition must be fingerprinted at an INS Application Support Center or INS approved Designated Law Enforcement Agency. Applicants must pay an additional fee of $50 to the INS after which they will be scheduled for fingerprinting. Failure to submit this fee within 87 days will result in the denial of the application or petition.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.
If you have other questions about possible immigration benefits and services, filing information, or INS forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call the NCSC TDD at 1-800-767-1833.
If you have access to the Internet, you can also visit INS at www.ins.usdoj.gov. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

INS Office Address:

US IMMIGRATION AND NATURALIZATION SERVICE
75 LOWER WELDEN STREET
ST ALBANS VT 05479-

INS Customer Service Number:

(802) 527-4913
800 - 375-5283
APPLICANT COPY

ESCS000889007







For deposit only to INS
ACCT:NONE
ESC$000889007 (2)

EXHIBIT C

# Naturalization Interview Results

A#: _72 381 00_

On _9/17/03_, you were interviewed by INS officer _____

☑ You passed the tests of English and U.S. history and government.
☐ You passed the test of U.S. history and government and the English language requirement was waived.
☐ The Service has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.

☐ You will be given another opportunity to be tested on your ability to _____ speak / _____ read / _____ write English.
☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

☐ Please follow the instructions on the Form N-14.
☑ INS will send you a written decision about your application.

☐ You did not pass the second and final test of your _____ English ability / _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this N-400. INS will send you a written decision about your application.

**A)**_____ **Congratulations! Your application has been recommended for approval.** At this time, it appears that you have established your eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

**B)** _____ **A decision cannot yet be made about your application.**

**It is very important that you:**
✓ Notify INS if you change your address.
✓ Come to any scheduled interview.
✓ Submit all requested documents.
✓ Send any questions about this application in writing to the officer named above. Include your full name, A-number, and a copy of this paper.
✓ Go to any oath ceremony that you are scheduled to attend.
✓ Notify INS as soon as possible in writing if you cannot come to any scheduled interview or oath ceremony. Include a copy of this paper and a copy of the scheduling notice.

N-652 (Rev. 12/7/99) Y

# EXHIBIT D

## DECLARATION OF TATIANA GUREVICH

I, Tatiana P. Gurevich, state as follows:

Since applying for naturalization on or about August 26, 2002, and being interviewed on or about September 17, 2003, I have been inquiring about the status of my case at the USCIS Washington District office approximately every 4-6 months. I have always been receiving the same response, namely, that my name check is pending. I am enclosing examples of status inquiry responses immediately following this declaration.

I declare under penalty of perjury that the foregoing is true.

Tatiana P. Gurevich

copy

# INQUIRY FORM

Please CHECK reason for your Inquiry: _____ Change of Address    _✓_ Case Status

**Customer Information:**

Name: Tatiana P. Gurevich

Date: 03/28/2005

Phone Number: 703 830 8847

Address: 6031 Callaway Court
Centreville VA 20121

Date of Birth: 09/24/1946

Office where your case was filed: VERMONT

**Immigration Status (must check one):**

_____ Permanent Resident A# 072 381 010

_____ Visa type

_____ Other

Type of Application/Benefit applied for: _____

Receipt #: _____

Customers please used the back of this page for your comments. DHS-USCIS please read the back of this page. Thank you

**Change of Address Information (for Change of Address Inquiries only):**

New Residence Address:

New Mailing Address:

OLD ADDRESS:

IIO COMMENTS: (INS use only)

OFFICER CHECK ONE Bailey [ ] Barnert [ ] Clark [ ] Crandle [ ] Davis [ ] Gill [ ] Hawkins [ ] Lowe [ ] Setzer [ ] Simmons [ ]   **INQUIRY FORWARDED** Motti

DATE 3/28/05

Name check still pending.    NWD - Sfiled since 2002

revised 10/02

# INQUIRY FORM

Please CHECK reason for your Inquiry: _____  Change of Address _____  Case Status _____

**Customer Information:**

Name: Tatiana Gurevich

Date: 12/11/2007

Phone Number: 703 - 830 - 8847

Address: 6031 Callaway Court
Centreville VA 20121

Date of Birth: 09/24/1946

Office where your case was filed: WAS

**Immigration Status (must check one):**

_____ Permanent Resident A# 072 - 381 - 010

_____ Visa type _____

_____ Other _____

Type of Application/Benefit applied for: N400

Receipt #: _____

Customers please used the back of this page for your comments. DHS-USCIS please read the back of this page. Thank you

Change of Address Information (for Change of Address Inquiries only):

New Residence Address:

_____

_____

_____

_____

New Mailing Address:

_____

_____

_____

_____

OLD ADDRESS:

HO COMMENTS: (INS use only)

OFFICER CHECK ONE Batley [ ] Barnett [ ] Clark [ ] Crandle [ ] Davis [ ] Gill [ ] Hawkins [ ] Lowe [ ] Seiter [ ] Simmons [ ]    INQUIRY FORWARDED _____

DATE 12-11-07

Applicant is here inquiring about N400. Name check still pending as of this date.

revised 10/02

# EXHIBIT E

U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*

November 8, 2007

MS. TATIANA P. GUREVICH
6031 CALLAWAY COURT
CENTREVILLE, VA 20121

Request No.: 1096805-000
Subject: GUREVICH, TATIANA P.

Dear Ms. Gurevich:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated and manual indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tatiana P. Gurevich | Michael B. Mukasey, Michael Chertoff, Emilio Gonzalez, Susan Dibbins, Robert Mueller III |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Gregory Bryl<br>Attorney At Law<br>287 S Pickett Street, Suite 201<br>Alexandria, VA 22304<br>703-861-1906 | ATTORNEYS (IF KNOWN) |
|---|---|

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A goverus)*

---

**○ E. General Civil (Other)**     OR     **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Court from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
8 USC 1447(b) (review of petition for naturalization); 5 USC 551, 706 (APA), 28 USC 1361 (mandamus), 28 USC 2201 (declaratory judgment)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ `as set by trier of fact`    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  01/03/2008    SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.